UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


IN RE:
NICHOLAS BATZEK, III,

               Debtor.
_____/

NICHOLAS BATZEK, III,

               Appellant,

vs.                        Case No. 2:04-cv-623-FtM-29DNF
                             Bankr. No. 03-00717
                             Adversary No. 03-220

LINDA KAY BATZEK,

               Appellee.
_____/

## OPINION AND ORDER

     This matter comes before the Court on appeal from the Memorandum Opinion, Findings of Facts and Conclusions of Law (Doc. #1, Attach. #11),[1] entered on August 23, 2004, and Final Judgment (Doc. #1, Attach. #2), entered on October 21, 2004, in the adversary proceeding initiated by Linda Kay Batzek (Ms. Batzek) against Nicholas Batzek, III (Mr. Batzek or debtor), regarding the dischargeability of a second mortgage and a monthly payment on Ms. Batzek's van. The Bankruptcy Court found that the debts were in the nature of support and therefore nondischargeable, and entered

---

[1] The Docket Numbers hereafter refer to the numbers assigned in Bankruptcy Court unless otherwise noted. Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court or otherwise available through PACER.

Final Judgment in favor of Ms. Batzek. Appellant debtor filed an initial Brief (Dist. Doc. #6), appellee Ms. Batzek filed an Answer Brief (Dist. Doc. #12), and appellant filed a Reply Brief (Dist. Doc. #13).

**I.**

Upon the entry of a final judgment by the bankruptcy court, a party may appeal to the district court pursuant to 28 U.S.C. § 158(a). The United States District Court functions as an appellate court in reviewing decisions on the United States Bankruptcy Court. In re Miller, 39 F.3d 301, 305 (11th Cir. 1994). The legal conclusions of the bankruptcy court are reviewed de novo, In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993), while findings of facts are reviewed for clear error. Fed. R. Bankr. P. 8013; In re Thomas, 883 F.2d 991, 994 (11th Cir. 1989), cert. denied, 497 U.S. 1007 (1990). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Crawford v. Western Elec. Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984)(citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). See also In re Cox, 338 F.3d 1238, 1241 (11th Cir. 2003).

**II.**

The debtor and Ms. Batzek married on November 3, 1971, and were divorced on May 17, 2001 by way of Final Judgment and Decree (Plaintiff's Ex. A) in the Superior Court of Bartow County, Georgia. Ms. Batzek was awarded the marital residence in Georgia and ownership of a Dodge Caravan van, and she is responsible for the first mortgage on the residence. Mr. Batzek was awarded his tools, fishing equipment, hunting equipment, a 12 gauge shotgun, a 1995 Chevy Z-71 pickup truck and a 1973 Chevrolet Corvette Stingray.[2] Mr. Batzek was deemed responsible for the second mortgage, which consisted of a balance exceeding $35,000, on the Georgia residence, and the van payments. The couple split Mr. Batzek's retirement account, with Ms. Batzek receiving $146,000, and Mr. Batzek receiving $90,000. Mr. Batzek stopped making payments on the second mortgage and van around December 2002. (Plaintiff's Ex. 12, p. 24).

On January 13, 2003, Mr. Batzek filed for Chapter 7 relief in the bankruptcy court. On April 7, 2003, Ms. Batzek filed a two-Count Complaint in an adversary proceeding seeking a determination as to the obligations under the Final Judgment and Decree. On July 10, 2003, the Superior Court of Bartow County issued a Final Order on a Motion for Declaratory Ruling finding that:

---

[2]Mr. Batzek later sold the Corvette for $3,000, and traded the 1995 Chevy truck and a previously unmentioned Harley-Davidson for a 2002 Chevy truck. (Doc. #, Attach. 9, pp. 53-54).

> There is no specific provision for alimony, but it is clear that the payment of the second mortgage on the house and the payment of the wife's van was necessary for her support and maintenance. These payments were allocated to the husband to assist the wife in maintaining the lifestyle of her twenty nine (29) married years.

(Plaintiff's Ex. 11). The Bankruptcy Court issued its Memorandum Opinion, Findings of Facts and Conclusions of Law on August 23, 2004, and a Final Judgment on October 21, 2004, in favor of Ms. Batzek. Mr. Batzek filed his timely Notice of Appeal (Doc. #1, Attach. #1) on October 29, 2004.

### III.

Under Chapter 7 of the Bankruptcy Code, a debtor may obtain a general discharge "from all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b). Certain debts are excepted from discharge, however. Under Section 523(a)(5), a discharge does not include any debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that--
>
> . . .
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5). "The effect of the statute, then, is that a given domestic obligation is not dischargeable if it is 'actually

in the nature of' alimony, maintenance, or support." In re Harrell, 754 F.2d 902, 904 (11th Cir. 1985). See also Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001). Because federal law governs dischargeability, a domestic obligation can be deemed "actually in the nature of support" even if it is not considered "support" under state law. In re Strickland, 90 F.3d 444, 446 (11th Cir. 1996); Cummings, 244 F.3d at 1265; Harrell, 754 F.2d at 904-05. "A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to function as support or alimony." Cummings, 244 F.3d at 1265 (citations omitted). The party seeking to hold the debt nondischargeable (here, appellee Ms. Batzek) has the burden of proving by a preponderance of the evidence that the parties intended the obligation to be actually in the nature of support. Cummings, 244 F.3d at 1265.

**IV.**

Appellant argues that the Final Order entered by the Superior Court in Georgia should not have been considered because the hearing was conducted without notice to the debtor. Appellant further argues that the amounts claimed on his tax return were deductions for the lump sum distribution from his 401(k) account to Ms. Batzek and for a loan repayment to the account. Appellee counters that Mr. Batzek cannot now dispute the treatment of the obligations as alimony after reaping the benefits on his taxes.

Under Cummings, great deference is to be given to the state court "and their established expertise" with regard to family matters. Cummings, 244 F.3d at 1267. In Cummings, the Bankruptcy Court was also encouraged to "await clarification by the divorce court regarding what portion-if any-of the equitable distribution is in the nature of support." Id. The pending nature of an adversary proceeding regarding dischargeability does not necessarily preclude the state court from also addressing the issue since jurisdiction is concurrent. See Eden v. Robert a. Chapski, Ltd., 405 F.3d 582, 587 (7th Cir. 2005).

It is undisputed that the Final Judgment and Decree contained no specific provision for alimony. The Final Order, however, clarified the intent of the parties so that the payment obligations on the second mortgage and van were necessary for Ms. Batzek's "support and maintenance." At the July 22, 2004, Final Evidentiary Hearing, Mr. Batzek claimed $151,071 on his 2001 federal Income Tax Return as alimony to SSN 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, and stated it was claimed as alimony under oath. (Plaintiff's Ex. 9; Doc. #1, Attach. 9, p. 66; Plaintiff's Ex. 12, p. 26). Ms. Batzek testified that it was her social security number, although she asserted that she never received the money.[3] (Doc. #1, Attach. 9, p. 17). Mr. Batzek also claimed $9,961 on his 2002 federal Income Tax Return as alimony,

---

[3] Ms. Batzek did testify that she received the $146,000, but never removed it from the retirement account. (Doc. #1, Attach. 9, p. 21).

which adds up to the second mortgage and van payments for a year. (Plaintiff's Ex. 9; Doc. #1, Attach. 9, p. 65; Dist. Doc. #12, p. 17). Mr. Batzek testified that it was for a $10,000 loan taken against his retirement account for living expenses. (Doc. #1, Attach. 9, p. 69; Plaintiff's Ex. 12, p. 20). Ms. Batzek testified that it was her social security number, however, she claimed to have never actually received any of the $9,961.00. (Doc. #1, Attach. 9, p. 18).[4]

The Final Order was entered during the adversary proceedings and was correctly considered by the Bankruptcy Court in its Memorandum Opinion, Findings of Facts and Conclusions of Law and Final Judgment. Although presented with conflicting testimony, the Bankruptcy Court considered the facts presented and weighed the respective intents of the Batzeks.[5] The Court finds no clear error in the findings of facts, and upon a *de novo* review of the legal findings, the Court finds that the obligations are nondischargeable and in the nature of maintenance and support. As the Bankruptcy Court did not reach the issue presented by Count II, the Court has no jurisdiction on appeal to address whether debtor's failure to make payments would constitute a detrimental consequence.

---

[4] Ms. Batzek testified that she did not declare the payments made by Mr. Batzek as income on her tax return. (Doc. #1, Attach. 9, p. 43).

[5] Under Fed. R. Bankr. P. 8013, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The August 23, 2004, Memorandum Opinion, Findings of Facts and Conclusions of Law (Doc. #1, Attach. #11) and Final Judgment (Doc. #1, Attach. #2) are **affirmed**.

2. The Clerk shall close the file. The Clerk is further directed to transmit a certified copy of this Opinion and Order to the United States Bankruptcy Court Clerk's Office.

**DONE AND ORDERED** at Fort Myers, Florida, this ___27th___ day of June, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Alexander L. Paskay
Clerk, Bankr. M.D. Fla.
Counsel of record